**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAHLYNN HANCOCK on behalf of herself and all other similarly situated persons, known and unknown,<br><br>       Plaintiffs,<br><br>v.<br><br>AH-HA CHOCOLATES, FUDGE & ICE CREAM CORP., d/b/a KILWINS ICE CREAM AND CHOCOLATES d/b/a KILWINS CHICAGO – HYDE PARK, CHOCOLATE GIRL EXPLOSION, INC., d/b/a KILWINS ICE CREAM AND CHOCOLATES d/b/a KILWINS CHICAGO – 310 S. MICHIGAN AVENUE, CHOCOLATE BLESSINGS, INC., d/b/a KILWINS ICE CREAM AND CHOCOLATES d/b/a KILWINS CHICAGO – NAVY PIER, and JACQUELINE JACKSON, individually,<br><br>       Defendants. | No. |

**COMPLAINT**

Plaintiff, Jahlynn Hancock, on behalf of herself and all others similarly situated, known and unknown (the "Plaintiff Class"), complains against Defendants Ah-Ha Chocolates, Fudge & Ice Cream Corp., d/b/a Kilwins Ice Cream and Chocolates d/b/a Kilwins Chicago – Hyde Park, Chocolate Girl Explosion Inc., d/b/a Kilwins Ice Cream and Chocolates d/b/a Kilwins Chicago – 310 S. Michigan Avenue, and Chocolate Blessings, Inc., d/b/a Kilwins Ice Cream and Chocolates d/b/a Kilwins Chicago – Navy Pier, and Jacqueline Johnson, individually (collectively, "Defendants") for: (1) failure to pay the minimum wage for all hours worked, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago, Ill. Municipal Code, § 1-24 *et seq* ("CMWO"); (2) failure to pay overtime wages, in violation of the

FLSA, IMWL, and CMWO; (3) unlawful pay deductions and nonpayment of wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), FLSA and IMWL; (4) tip theft in violation of the FLSA and IWPCA ; and (5) retaliatory discharge in violation of the FLSA, IMWL and IWPCA, and state:

## NATURE OF THE CASE

1. This case is brought as a hybrid collective action, class action, and on an individual basis for certain claims arising under the FLSA for Defendants' failure to pay Plaintiff and Plaintiff Class for all hours worked, including overtime wages.

2. Counts I through VI are brought as Collective Actions under the FLSA for failure to pay the minimum wage for all hours worked (I and II), unpaid overtime wages (III and IV), and tip theft (V and VI). The applicable Collective Action consent form is attached as Exhibit A.

3. Counts IX and X are brought as Class Actions under the IMWL for minimum wage violations (IX) and unpaid overtime wages (X).

4. Counts XIII and XIV are brought as Class Actions under the IWPCA and Counts XVI and XVII are brought under the CMWO as Class Actions for minimum wage violations (XVI) and unpaid overtime wages (XVII).

5. Counts VII, VIII, XII, and XV are brought as an individual actions on behalf of Hancock for violations of the IWPCA, IMWL and FLSA for retaliation and/or retaliatory discharge.

## INTRODUCTION

6. This case involves numerous violations of state and federal wage and hour laws by several entities, including Defendants Ah-Ha Chocolates, Fudge & Ice Cream Corp., Chocolate Girl Explosion Inc., Chocolate Blessings, and Jacqueline Jackson, individually.

7.      Defendants Ah-Ha Chocolates, Fudge & Ice Cream Corp., Chocolate Girl Explosion Inc., and Chocolate Blessings, Inc., are all, respectively, Kilwins Ice Cream and Chocolates franchises, located throughout Chicago, and owned and operated by the individual defendant, Jacqueline Jackson.

8.      Defendants regularly engaged in wage theft, including making unlawful pay deductions, failing to pay the minimum wage for all hours worked, failing to pay overtime wages, and stealing employee tips.

9.      Plaintiff Hancock and the Plaintiff Class all worked as team members at the locations owned and managed by Jackson.

10.     Plaintiff Hancock and the Plaintiff Class were all subject to the same rules and policies that were enacted by all Defendants and enforced by Defendant Jackson.

11.     Plaintiff Hancock and the Plaintiff Class all experienced sustained, regular, and consistent pay deductions and non-payment of wages by Defendants.

12.     Plaintiff Hancock and the Plaintiff Class were all subject to Defendants' tip theft practices.

13.     Plaintiff Hancock and the Plaintiff Class all experienced unpaid wages in the form of being made to perform off-the-clock work.

14.     Defendants' actions were intentional and willful, as evidenced in part because they terminated Plaintiff Hancock's employment when she began complaining about unpaid wages and requesting copies of paystubs and other pay records.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

16.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally) and 29 U.S.C. § 216(b) (FLSA).

## PARTIES

17.     Plaintiff, Jahlynn Hancock ("Hancock" or "Plaintiff"), is a former employee of Defendants.

18.     Defendant, Ah-Ha Chocolates, Fudge & Ice Cream Corp. ("Ah-Ha"), is a domestic corporation doing business within this judicial district.

19.     Ah-Ha does business as Kilwins Chicago – Hyde Park.

20.     Defendant, Chocolate Girl Explosion, Inc. ("Explosion") is a domestic corporation doing business within this judicial district.

21.     Explosion does business as Kilwins Chicago – 310 S. Michigan Avenue.

22.     Defendant, Chocolate Blessings, Inc. ("Blessings"), is a domestic corporation doing business within this judicial district.

23.     Blessings does business as Kilwins Chicago – Navy Pier.

24.     Defendants Ah-Ha, Explosion, and Blessings (collectively, "Kilwins-Chicago") are all, respectively, Kilwins franchises, located throughout Chicago.

25.     Defendant, Jacqueline Jackson ("Jackson") is the owner of Defendants Ah-Ha, Explosion, and Blessings.

26.     Jackson sometimes goes by other names or aliases, including, but not limited to, Jackie.

27.     Within the prior three (3) years, and at all times relevant herein, Hancock and the Plaintiff Class she seeks to represent were employed by Defendants as "employees," as defined by the FLSA, IMWL, CMWO, and IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; Chicago, Ill. Municipal Code, § 1-24-010; 820 ILCS 115/2.

28.     Likewise, at all relevant times herein, Defendants Ah-Ha, Explosion, Blessings and Jackson employed Hancock and the Plaintiff Class she seeks to represent and therefore meet the

4

definition of "employers," as defined by the FLSA, IMWL, CMWO and IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; Chicago, Ill. Municipal Code, § 1-24-010; 820 ILCS 115/2.

29.     At all relevant times herein, Hancock and the Plaintiff Class she seeks to represent, were eligible for, and owed overtime pay compensation by virtue of their job title and duties, and did not fall into any exemptions to municipal, state, or federal overtime pay requirements.

30.     Hancock and the Plaintiff Class are current and former hourly employees who either currently work or worked for Defendants at their various locations.

31.     Hancock and the Plaintiff Class were regularly and consistently required to perform duties for which they were not compensated.

32.     Hancock and the Plaintiff Class regularly and consistently had unauthorized deductions taken from their pay.

33.     Hancock and the Plaintiff Class regularly and consistently had earned tips taken from their pay.

34.     Hancock and the Plaintiff Class regularly and consistently had mandatory weekly deductions taken from their paychecks for rest breaks that they did not actually receive, resulting in them receiving less than the minimum wage for all hours worked and unpaid overtime wages.

## FACTS

### Defendants' Unified Operation and Common Control

35.     Kilwins is a nationwide conveyer of ice cream and confectionary with a corporate headquarters in Petoskey, MI.

36.     Kilwins is operated under a franchise model, whereby each location is individually owned and operated by an independent franchise.

37. Defendants in the instant matter include various Kilwins franchise locations, including Kilwins Chicago – 310 S. Michigan Avenue, Kilwins Chicago – Hyde Park and Kilwins Chicago – Navy Pier.

38. Defendant Ah-Ha operates as a confectionary and is located in Chicago, Illinois.

39. Defendant Explosion also operates as a confectionary in Chicago, Illinois.

40. Defendant Blessings also operates as a confectionary in Chicago, Illinois.

41. As set forth above, Kilwins-Chicago jointly consists of Ah-Ha, Explosion, and Blessings, all of which are Kilwins franchises.

42. Kilwins-Chicago, jointly, constitute an enterprise as defined under the FLSA, as Ah-Ha, Explosion, and Blessings were all subject to unified operation and/or common control by Jackson for a common business purpose. 29 C.F.R. § 779.21.

43. Likewise, Ah-Ha, Explosion, and Blessings were linked by a common business purpose. *Id.*

44. The Illinois Secretary of State's website records depict that Defendants Ah-Ha, Explosion, and Blessings, all, respectively, list Jackson as their president and registered agent, and are registered to do business at 4800 S. King Drive, in Chicago, Illinois 60613.

45. Jackson implemented and enforced the same workplace policies and procedures at all of the Defendants' locations.

46. At all times relevant Jackson directed and controlled Hancock's employment and that of the Plaintiff Class.

**Hancock's Employment with Defendants**

47. Hancock was hired on September 30, 2020, in the position of team member.

48. Hancock was hired to work at the Kilwins Hyde Park location or Ah-Ha. However, Hancock trained at the Kilwins Michigan Avenue location, or Explosion, for two weeks.

6

49.     After completing her training, Hancock primarily worked at Ah-Ha.

50.     In her role as team member, Hancock was responsible for assisting guests with purchases from ice cream to confectionery.

51.     During her first two weeks of employment, Hancock's schedule consisted of two days per week with five hours each shift.

52.     Hancock earned $13.50 per hour in her position.

53.     Hancock's pay was eventually raised to $15.00 per hour.

54.     In approximately mid-March 2021, the store manager for Ah-Ha quit.

55.     Thereafter, Jackson instructed Hancock to begin performing some of the manager's duties.

56.     Despite eventually being given the title of manager, Hancock was not paid on a salary basis, as her pay fluctuated depending on the number of hours she worked each week.

57.     Likewise, Hancock's primary duties essentially remained the same as those duties she performed previously.

**Tip Theft**

58.     In addition to her hourly wage, Hancock and the Plaintiff Class often earned tips as part of their compensation.

59.     The applicable FLSA regulations define tips as: "(a) A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer." 29 C.F.R. § 531.52

60.     Initially, Defendants only permitted cash tips. However, later in Hancock's employment, Defendants eventually allowed customers to leave credit card tips.

61.     Kilwins-Chicago employed a practice, applicable to Hancock and the Plaintiff Class alike, of wage theft in the form of stolen tips.

62.     Upon her hire, Defendants presented Hancock with a "Tips Agreement" policy.

63.     The "Tips Agreement" provides the following:

**"You are paid an hourly wage. Any tips given will be used for the following:**

-Paying it forward to the community

-Employee Treats

-Employee/Team incentives

-Cash shortages."

64.     The Tips Agreement also includes a section for employees to sign and affirm the following:

"I _____ clearly understand that I am paid an hourly wage and any tips from the store will be used to enhance the employee dinners and luncheons, bonuses, customer experience, and social media giveaways."

65.     Hancock did not sign the "Tips Agreement."

66.     The Plaintiff Class was subject to the same tip policy at all Kilwins-Chicago locations.

67.     Defendants regularly confiscated all tips earned by Hancock and Plaintiff Class.

68.     Specifically, Jackson would visit the various stores, approximately nightly, instruct Hancock or others to place all cash tips in a bag, and remove them from the store.

69.     Upon information and belief, Jackson retained the full amount of the tips she confiscated.

70.     Hancock was never permitted to keep any cash tips she received from customers.

71.     Upon information and belief, the cash tips stolen by Jackson and Kilwins-Chicago constituted, on average, $50 dollars per week.

72.     Later, after Defendants finally allowed customers to leave credit card tips, Jackson began allowing Hancock and the Plaintiff Class to keep *some* of their tips but would fabricate excuses to continue deducting portions of those tips from Hancock and the Plaintiff Class.

73.   Namely, Jackson would, at various times falsely claim that employees had clocked in late, had been using their cell phones improperly, or the like, as a basis to deny individuals all or a portion of their credit card tips.

74.   Defendants' policy or practice of confiscating Hancock and the Plaintiff Class's tips violates the FLSA, which set forth, in relevant part:

> (B) An employer may not keep tips received by its employees **_for any purposes_**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C.A. § 203(m)(2)(B) (emphasis added).

75.   Likewise, the applicable FLSA regulations, promulgated by the U.S. Department of Labor, provide, in relevant part:

> (b) Section 3(m)(2)(B) of the Act provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit.
>
> > (1) An employer may exert control over an employee's tips only to distribute tips to the employee who received them, require employees to share tips with other employees in compliance with § 531.54, or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with § 531.54.
> >
> > (2) **_An employer may not allow managers and supervisors to keep any portion of an employee's tips, regardless of whether the employer takes a tip credit._** A manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides. For purposes of section 3(m)(2)(B), the term "manager" or "supervisor" shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101 of this chapter.

29 C.F.R. § 531.52 (emphasis added).

76.   These tip theft practices/policies persisted through the end of Hancock's employment.

### Mandatory Off-the-Clock Work

77.   Kilwins-Chicago also required Hancock and the Plaintiff Class to regularly perform off-the-clock work by deducting pay for rest breaks that were not actually given.

78.     Under the FLSA and, by extension, the IMWL,[1] employers are permitted to provide

employees with unpaid meal or break periods, if they are completely relieved of all work duties:

> (a) Bona fide meal periods. Bona fide meal periods are not worktime. Bona fide meal
> periods do not include coffee breaks or time for snacks. These are rest periods. The
> employee must be completely relieved from duty for the purposes of eating regular
> meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A
> shorter period may be long enough under special conditions. The employee is not
> relieved if he is required to perform any duties, whether active or inactive, while
> eating. For example, an office employee who is required to eat at his desk or a
> factory worker who is required to be at his machine is working while eating. (*Culkin
> v. Glenn L. Martin, Nebraska Co.*, 97 F. Supp. 661 (D. Neb. 1951), aff'd 197 F. 2d 981
> (C.A. 8, 1952), cert. denied 344 U.S. 888 (1952); *Thompson v. Stock & Sons, Inc.*, 93 F.
> Supp. 213 (E.D. Mich 1950), aff'd 194 F. 2d 493 (C.A. 6, 1952); *Biggs v. Joshua Hendy
> Corp.*, 183 F. 2d 515 (C.A. 9, 1950), 187 F. 2d 447 (C.A. 9, 1951); *Walling v. Dunbar
> Transfer & Storage Co.*, 3 W.H. Cases 284; 7 Labor Cases para. 61.565 (W.D. Tenn.
> 1943); *Lofton v. Seneca Coal and Coke Co.*, 2 W.H. Cases 669; 6 Labor Cases para.
> 61,271 (N.D. Okla. 1942); aff'd 136 F. 2d 359 (C.A. 10, 1943); cert. denied 320 U.S.
> 772 (1943); *Mitchell v. Tampa Cigar Co.*, 36 Labor Cases para. 65,198, 14 W.H. Cases
> 38 (S.D. Fla. 1959); *Douglass v. Hurwitz Co.*, 145 F. Supp. 29, 13 W.H. Cases (E.D. Pa.
> 1956)).

29 C.F.R. § 785.19.

79.     Defendants implemented and enforced a policy by which "mandatory break" periods

were deducted from all employee paychecks even when breaks were not actually taken.

80.     If Hancock or the Plaintiff Class worked at least six consecutive hours, Defendants

enforced a "mandatory break" policy.

81.     However, Defendants enforced this mandatory hour deduction even when Hancock

and the Plaintiff Class were unable to take a full hour break during which they were entirely relieved

of duties. This means, when the various shops were short-staffed, busy, or the like, and no break was

possible, Defendants still deducted one hour of pay per shift.

---

[1] The IMWL incorporates the FLSA's standards. See 820 ILCS § 105/1 *et seq.*; 820 ILCS § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (Courts have held that the IMWL parallels the FLSA, and that the same analysis generally applies to both statutes,) (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *4 (N.D.Ill. Aug. 18, 2004).

82.     Through summer of 2021, at times, this mandatory-deduction policy was enforced against Hancock three or four times per week despite her not actually being totally relieved of duties during those periods.

83.     The mandatory break deduction was not unique; it was just one of several different pretextual excuses set forth by Defendants to justify deducting compensable time from Hancock and the Plaintiff Class's hourly pay.

84.     At other times, Defendants required Hancock and the Plaintiff Class to take a legitimate thirty-minute (30) rest break but deducted a full hour of pay. This meant that on those occasions, Hancock and the Plaintiff Class would work thirty-minute periods despite being off-the-clock.

85.     On other occasions, if employees returned from a break early, clocked back in, and resumed their work, Defendants would still deduct the full hour.

86.     These deductions were made even though employees were frequently unable to enjoy an hour of uninterrupted rest or break time, completely relieved of their duties.

87.     Defendants regularly and consistently deducted two hours of "mandatory break" time from Hancock's paycheck each week, resulting in approximately two hours of unpaid time worked each week.

88.     Likewise, Defendants regularly and customarily deducted one or two hours of time each workday from the Plaintiff Class where no breaks were actually taken by the Plaintiff Class.

**Mandatory Hourly Pay Deductions**

89.     Defendants employed a practice, applicable to Hancock and the Plaintiff Class alike, of mandatory pay deductions based on cell phone usage.

90.     Jackson would frequently communicate with Hancock and Plaintiff Class via cell phone during their respective shifts.

11

91.     Despite this, Defendants implemented and enforced a policy whereby any employee caught using their cell phone while at work would have a mandatory hour of time deducted from their paycheck.

92.     Defendants regularly enforced the policy and deducted time from Hancock and Plaintiff Class's pay improperly.

93.     By way of example only, Jackson sometimes called or texted Hancock work-related instructions when customers submitted online orders. Jackson would send a text message to Hancock containing a screenshot of an online order. However, anytime Jackson came to the store and saw an employee's phone in their pocket or on the counter, she would claim that Hancock was improperly using her cell phone and say, "I am deducting an hour."

94.     The deductions resulted in Hancock and Plaintiff Class not receiving at least the minimum wage for all hours worked and, in certain cases, less than time-and-one-half their regular hourly rates for hours worked over forty (40).

95.     Hancock was personally subject to cell phone deductions on several occasions.

96.     Jackson also refused to provide written records of when she made such deductions to Hancock or the Plaintiff Class.

97.     Accordingly, Defendants failed to pay Hancock and Plaintiff Class for all hours worked during those pay periods.

98.     These deductions resulted in Hancock and Class Members frequently being required to perform work off the clock for which they were not paid.

99.     Indeed, Defendants repeatedly refused to adjust time records to accurately reflect the hours worked by Hancock and the Plaintiff Class when requested.

100.    On certain occasions, late in her employment, when Hancock noticed hours worked missing from a paycheck, she would ask Jackson why her hours had been shorted. Jackson more than once answered by saying, "Oh, corporate made us deduct an hour because you were on your phone."

101.    The practice resulted in Hancock and the Plaintiff Class not receiving at least minimum wage for all hours worked and overtime pay for hours worked over forty (40).

**Hancock was Fired in Retaliation for Protected Activity**

102.    Throughout her employment, Hancock became increasingly concerned that she was not being paid correctly for all of the time that she worked.

103.    In approximately June 2021, Hancock began asking Jackson about not receiving her full credit card tips earned and not receiving overtime pay as she noticed her most recent paycheck was missing several hours she had worked.

104.    This occurred after Jackson assigned Hancock to work two shifts at Kilwins Chicago – Navy Pier in approximately late July 2021.

105.    Hancock was not paid for her hours worked on either shift.

106.    After Hancock was not paid for either of these shifts, she contacted Jackson to both request her pay and paystubs, as she noticed she was missing several hours from multiple paychecks, in addition to not being paid for her hours worked at Blessings.

107.    Hancock specifically requested her paystubs, and a written record of her hours worked, explaining in her request to Jackson that she had not been paid for all hours worked and wanted to see a written record of the same.

108.    She complained again to Jackson in August 2021 about Defendants' failure to pay her for all wages earned.

109.    In response, Jackson would claim that the hours deductions were "because you were on your phone," because Hancock was "late," or falsely claimed that Hancock had input incorrect hours worked.

110.    In response to Hancock's complaints and requests, Jackson stopped scheduling Hancock.

111.    Hancock then requested, in text messages and emails exchanged in August 2021, to know why she had stopped receiving scheduled work hours, and whether she was fired.

112.    Jackson threatened to call the police on Hancock if she continued to contact her.

113.    Jackson refused to put any of the foregoing in writing, and simply stopped responding to Hancock's requests.

114.    In refusing to provide Hancock any additional work hours and threatening to call the police on her for objecting, Jackson terminated her employment.

115.    Defendants terminated Hancock's employment in approximately July 2021 in retaliation for her protected complaints.

116.    Hancock never received her paystubs, or a written record of her tips earned or deducted, or hours worked and paid from Defendants.

**Collective and Class Allegations**

117.    Hancock and the Plaintiff Class seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23, on behalf of herself and all other nonexempt employees who were not fully compensated for all hours worked.

118.    The foregoing allegations related to unpaid hours worked, tip theft, and mandatory time/pay deductions were applicable to all Kilwins-Chicago employees working for Defendants, to wit, the Plaintiff Class.

119.     Upon information and belief, during Hancock's employment, Kilwins Chicago – 310 S. Michigan Avenue or Explosion, typically employed between 7 and 10 team members, and approximately three employees were hired, fired, and/or quit during Hancock's employment and the relevant time period, February 2019 to present (hereinafter referred to as the "Relevant Time Period"). Therefore, there were between 10 and 13 individuals affected by Defendants' policies at that location.

120.     Upon information and belief, during Hancock's employment, Kilwins Chicago – Hyde Park or Ah-Ha, employed between 10 and 15 team members, and approximately 10 employees were hired, fired, and/or quit during Plaintiff's employment and/or the Relevant Time Period. Therefore, there were between 15 and 25 individuals affected by Defendants' policies at that location.

121.     Upon information and belief, during Hancock's employment, Kilwins Chicago – Navy Pier or Blessings, typically employed approximately 7 team members. To wit, 7 individuals were affected by Defendants' policies at that location.

122.     Altogether, at least approximately 45 individuals, consisting of the Plaintiff Class, were impacted by Defendants' improper pay practices.

123.     Hancock, and other similarly situated current and former employees in the asserted class, regularly had deductions made to their pay related to alleged cell phone policy violations, resulting in unpaid wages for time worked.

124.     Hancock, and other similarly situated current and former employees in the asserted class, regularly had deductions made to their pay related to mandatory unpaid rest breaks, for which they were not actually fully relieved of work duties, resulting in unpaid wages for time worked.

125.     Hancock, and the asserted members of the Collective and Class are similarly situated because, *inter alia*, they were not paid the for all worked performed, bore the same or substantially similar job titles (team member), performed the same or substantially similar job duties and/or

assignments, were subject to tip theft and deductions and had such rights undermined and neglected by Defendants' unlawful practices and policies.

126.    Defendants have known that Hancock and other members of the Class and Collective have been deprived of all wages earned, including tips. Nonetheless, Defendants have operated under a scheme to deny Hancock, the Class, and the Collective the requisite compensation for all hours worked and the tips earned.

127.    With the number of class members impacted by Defendants' unlawful practices, a class action is the proper procedure for adjudicating such claims. Hancock requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

128.    The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of deductions actually made to Hancock and all other similarly situated employees' pay, and the compensation actually paid, or not paid, to such employees.

129.    Hancock will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation.

130.    Hancock has no interest that is contrary to, or in conflict with, members of the class.

**COUNT I**
**FLSA**
**FAILURE TO PAY MINIMUM WAGE**
**COLLECTIVE ACTION**

**AGAINST KILWINS-CHICAGO**

131.    Paragraphs 1 – 130 are incorporated by reference herein.

132.    This Count arises from Kilwins-Chicago's failure to compensate Hancock and the Plaintiff Class at least the applicable federal minimum wage for each hour worked, in violation of FLSA. 29 U.S.C. § 206 *et seq.* This resulted in them receiving less than the legal minimum wage for all hours worked.

133. The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

134. Hancock and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b), in that Kilwins-Chicago failed to pay Hancock and Plaintiff Class at least the minimum wage for all hours worked, and consistently required performance of work off the clock for which no wages were paid.

135. Hancock and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Defendants:

   a. Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, whenever they worked six consecutive hours during a shift;

   b. Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

   c. Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

136. These non-payments and/or pay deductions resulted in Hancock and the Plaintiff Class working unpaid time each week.

137. Kilwins-Chicago, by its management or agents, violated the FLSA by failing to pay Hancock and the Plaintiff Class at least time-and-one-half for all hours worked over 40 in a work week.

138. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Hancock attaches as Exhibit A her Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

139. All past and present "team members," who have worked for Kilwins-Chicago during the previous 3 years are similarly situated to Hancock.

140.    Kilwins-Chicago applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Hancock.

141.    Hancock and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Kilwins-Chicago's business, and neither she nor any other member of the Plaintiff Class has received at least the federal minimum wage for all hours worked.

142.    Kilwins-Chicago's failure to pay wages for all time worked and, as a result, its failure to pay compensation of at least the federal minimum wage for all hours worked per workweek, is a willful violation of the FLSA, since Kilwins-Chicago's conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

143.    Hancock's experiences are typical of the experiences of the putative class members.

144.    For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

145.    The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

146.    As a direct result of Kilwins-Chicago's violation of the FLSA, Hancock and the Plaintiff Class suffered the loss of compensation in the form of receiving less than the federal minimum wage for all hours worked in a given workweek.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a collective action pursuant to the FLSA;

18

B.  Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.  Awarding liquidated damages in an amount equal to the amount of unpaid minimum wages found due pursuant to FLSA;

D.  Awarding prejudgment interest with respect to the amount of unpaid minimum wages;

E.  Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.  Entering an injunction precluding Defendants from violating the FLSA; and

G.  Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II

## FLSA
## FAILURE TO PAY MINIMUM WAGE
## COLLECTIVE ACTION

## AGAINST JACKSON, INDIVIDUALLY

147.  Paragraphs 1 – 130 are incorporated by reference herein.

148.  This Count arises from Jackson's, as Kilwins-Chicago's owner and president, violation of the FLSA U.S.C. § 219, *et seq.*, for her failure to pay at least the federal minimum wage for all hours worked, violation of the FLSA U.S.C. § 219, *et seq.* This resulted in them receiving less than the legal minimum wage for all hours worked.

149.  The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

150.  Individual corporate officers or owners may be held liable for FLSA violations where they possess operational control. *Solis v. Int'l Detective & Protective Service, Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

151.  Jackson possesses and exercises the following authority as it relates to Defendants:

a.  The power to hire and fire employees;

19

      b.    Supervisory authority over employees, including control over their work schedules and conditions of employment;

      c.    Determining employees' methods and rates of pay; and

      d.    Maintenance of employees' records.

152. Hancock and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Jackson failed to pay Hancock and Plaintiff Class at least the minimum wage for all hours worked, and consistently required performance of off the clock work for which no wages were paid.

153. Hancock and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Defendants:

      a.    Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, whenever they worked six consecutive hours during a shift;

      b.    Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

      c.    Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

154. These non-payments and/or pay deductions resulted in Hancock and the Plaintiff Class working unpaid time each week.

155. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Hancock attaches as Exhibit A her Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

156. All past and present "team members," who have worked for Jackson's business during the previous 3 years are similarly situated to Hancock.

157. Jackson applied her compensation policies, which violate the FLSA, on a company-wide basis, including towards Hancock.

158. Hancock and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Jackson's business, and neither Hancock nor any other member of the Plaintiff Class has received at least the federal minimum wage for all hours worked.

159. Jackson's failure to pay wages for all time worked and, as a result, her failure to pay compensation at least the federal minimum wage for all hours worked, is a willful violation of the FLSA, since Jackson's conduct shows that she either knew that their conduct violated the FLSA or showed reckless disregard for whether her actions complied with the FLSA.

160. Hancock's experiences are typical of the experiences of the putative class members.

161. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

162. The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

163. As a direct result of Jackson's violation of the FLSA, Hancock and the Plaintiff Class suffered the loss of compensation and earning less than the legal minimum wage for all hours worked.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Determining that this action may be maintained as a collective action pursuant to the FLSA;

B. Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.  Awarding liquidated damages in an amount equal to the amount of unpaid minimum wages found due pursuant to the FLSA;

D.  Awarding prejudgment interest with respect to the amount of unpaid minimum wages;

E.  Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.  Entering an injunction precluding Defendants from violating the FLSA; and

G.  Ordering such other and further relief as the Court deems appropriate and just.

## COUNT III

### FLSA
### UNPAID OVERTIME
### COLLECTIVE ACTION

### AGAINST KILWINS-CHICAGO

164.  Paragraphs 1 – 130 are incorporated by reference herein.

165.  This Count arises from Kilwins-Chicago's violation of the FLSA for failure to pay Hancock and the Plaintiff Class at least time-and-one-half their rate for all hours worked over 40 in a workweek.

166.  The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40 in a given workweek. 29 U.S.C. § 207.

167.  Hancock and Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Kilwins-Chicago:

a.  Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, whenever they worked six consecutive hours during a shift;

b.  Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

      c.   Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

168.    These non-payments and/or deductions resulted in Hancock and the Plaintiff Class not being paid at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

169.    Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Hancock attaches as Exhibit A her Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

170.    All past and present "team members," who have worked for Kilwins-Chicago during the previous 3 years are similarly situated to Hancock.

171.    Kilwins-Chicago applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Hancock.

172.    Hancock and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Kilwins-Chicago's business, and neither Hancock nor any other member of the Plaintiff Class has received at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

173.    Kilwins-Chicago's failure to pay wages for all time worked and, as a result, its failure to pay time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek, is a willful violation of the FLSA, since Kilwins-Chicago's conduct shows that she either knew that their conduct violated the FLSA or showed reckless disregard for whether her actions complied with the FLSA.

174.    Hancock's experiences are typical of the experiences of the putative class members.

175.    For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to

the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

176.    The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

177.    As a result of the non-payments and/or deductions, Hancock and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

## PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a collective action pursuant to the FLSA;

B.    Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to the FLSA;

D.    Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

E.    Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.    Entering an injunction precluding Defendants from violating the FLSA; and

G.    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT IV

### FLSA
### UNPAID OVERTIME
### COLLECTIVE ACTION

### AGAINST JACKSON, INDIVIDUALLY

178.    Paragraphs 1 – 130 are incorporated by reference herein.

179. This Count arises from Jackson's violation of the FLSA U.S.C. § 219, *et seq.*, for her failure to pay Hancock and the Plaintiff Class at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

180. The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40 in a given workweek. 29 U.S.C. § 207.

181. Hancock and Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Jackson, through her management or agents:

    a. Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, whenever they worked six consecutive hours during a shift;

    b. Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

    c. Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

182. These non-payments and/or deductions resulted in Hancock and the Plaintiff Class not being paid at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

183. Jackson possessed and exercised the following authority as it relates to Defendants:

    a. The power to hire and fire employees;

    b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

    c. Determining employees' methods and rates of pay; and

    d. Maintenance of employees' records.

184.    Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Hancock attaches as Exhibit A her Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

185.    All past and present "team members," who have worked for Jackson's business during the previous 3 years are similarly situated to Hancock.

186.    Jackson applied her compensation policies, which violate the FLSA, on a company-wide basis, including towards Hancock.

187.    Hancock and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Kilwins-Chicago's business, and neither Hancock nor any other member of the Plaintiff Class has received at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

188.    Jackson's failure to pay wages for all time worked and, as a result, its failure to pay compensation of at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek, is a willful violation of the FLSA, since Jackson's conduct shows that she either knew that their conduct violated the FLSA or showed reckless disregard for whether her actions complied with the FLSA.

189.    Hancock's experiences are typical of the experiences of the putative class members.

190.    For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

191.    The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

192.     As a result of the non-payments and/or deductions, Hancock and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

## PRAYER FOR RELIEF AS TO COUNT IV

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.     Determining that this action may be maintained as a collective action pursuant to the FLSA;

B.     Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.     Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to FLSA;

D.     Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

E.     Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.     Entering an injunction precluding Defendants from violating the FLSA.; and

G.     Ordering such other and further relief as the Court deems appropriate and just.

## COUNT V

## FLSA
## TIP THEFT
## COLLECTIVE ACTION

## AGAINST KILWINS-CHICAGO

193.     Paragraphs 1 – 130 are incorporated by reference herein.

194.     This Count arises from Kilwins-Chicago's violation of the FLSA through its policy/practice of taking all cash tips, and portions of most credit card tips, earned by Hancock and the Plaintiff Class.

195.     The FLSA prohibits employers from keeping tips received by its employees, regardless of whether the employer takes a tip credit. 29 U.S.C.A. § 203(m)(2)(B);29 C.F.R. § 531.50.

196.    Hancock and Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Kilwins-Chicago subjected them all to the same tip theft policy.

197.    The confiscation or theft of these earned and owed tips resulted in Hancock and the Plaintiff Class rarely, if ever, being paid any of the tips owed to them pursuant to the FLSA.

198.    Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Hancock attaches as Exhibit A her Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

199.    All past and present "team members," who have worked for Kilwins-Chicago during the previous 3 years are similarly situated to Hancock.

200.    Kilwins-Chicago applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Hancock.

201.    Hancock and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Kilwins-Chicago's business, and neither Hancock nor any other member of the Plaintiff Class has received the full amount of value of the tips owed to them pursuant to the FLSA.

202.    Kilwins-Chicago's failure to pay Hancock and the Plaintiff Class their tips owed to them pursuant to the is a willful violation of the FLSA, since Kilwins-Chicago's conduct shows that either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

203.    Hancock's experiences are typical of the experiences of the putative class members.

204.    For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

205. The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

206. As a result of the tip theft, Hancock and the Plaintiff Class suffered damages in the form of earned but unpaid tips.

## PRAYER FOR RELIEF AS TO COUNT V

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.      Determining that this action may be maintained as a collective action pursuant to the FLSA;

B.      Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.      Awarding liquidated damages in an amount equal to the amount of unpaid wages, to wit, unpaid tips, found due pursuant to the FLSA;

D.      Awarding prejudgment interest with respect to the amount of unpaid wages, to wit, unpaid tips;

E.      Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.      Entering an injunction precluding Defendants from violating the FLSA; and

G.      Ordering such other and further relief as the Court deems appropriate and just.

## COUNT VI

### FLSA
### TIP THEFT
### COLLECTIVE ACTION

### AGAINST JACKSON, INDIVIDUALLY

207. Paragraphs 1 – 130 are incorporated by reference herein.

208. This Count arises from Jackson's violation of the FLSA, through her management or agents, through her policy/practice of taking all cash tips, and portions of most credit card tips, earned by Hancock and the Plaintiff Class.

29

209.     The FLSA prohibits employers from keeping tips received by its employees, regardless of whether the employer takes a tip credit. 29 U.S.C.A. § 203(m)(2)(B);29 C.F.R. § 531.50.

210.     Hancock and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Jackson, through her management or agents, subjected them all to the same tip theft policy.

211.     The confiscation or theft of these earned and owed tips resulted in Hancock and the Plaintiff Class rarely, if ever, being paid any of the tips owed to them pursuant to the FLSA.

212.     Jackson possessed and exercised the following authority as it relates to Defendants:

   a.     The power to hire and fire employees;

   b.     Supervisory authority over employees, including control over their work schedules and conditions of employment;

   c.     Determining employees' methods and rates of pay; and

   d.     Maintenance of employees' records.

213.     Jackson's failure to pay Hancock and the Plaintiff Class their tips owed to them pursuant to the is a willful violation of the FLSA, since Jackson's conduct shows that she either knew that their conduct violated the FLSA or showed reckless disregard for whether her actions complied with the FLSA.

214.     Hancock's experiences are typical of the experiences of the putative class members.

215.     For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

216.     The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

217.    As a result of the tip theft, Hancock and the Plaintiff Class suffered damages in the form of earned but unpaid tips.

## PRAYER FOR RELIEF AS TO COUNT VI

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a collective action pursuant to the FLSA;

B.    Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.    Awarding liquidated damages in an amount equal to the amount of unpaid wages, to wit, unpaid tips found due pursuant to the FLSA;

D.    Awarding prejudgment interest with respect to the amount of unpaid wages, to wit, unpaid tips;

E.    Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.    Entering an injunction precluding Defendants from violating the FLSA; and

G.    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT VII

### FLSA
### RETALIATORY DISCHARGE
### HANCOCK, INDIVIDUALLY

### AGAINST KILWINS-CHICAGO

218.    Paragraphs 1 – 130 are incorporated by reference herein.

219.    This Count arises from Kilwins-Chicago's violation of the FLSA in terminating Hancock in retaliation for reporting violations of the FLSA.

220.    Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has

testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

221.    Hancock reported to Kilwins-Chicago that she was not being paid all her wages due pursuant to the FLSA.

222.    Hancock's complaint put Kilwins-Chicago on notice that she was engaging in FLSA-protected activity.

223.    Kilwins-Chicago terminated Hancock's employment in retaliation for her protected activity, to wit, requesting her paystubs, reporting non-payment of earned wages, and requesting payment of her earned compensation.

224.    Kilwins-Chicago's actions in terminating Hancock due to her complaints of unpaid wages is a violation of the FLSA.

225.    As a result of Kilwins-Chicago's conduct, Hancock has sustained damages in the form of lost wages, lost employment opportunities, and emotional distress.

## PRAYER FOR RELIEF AS TO COUNT VII

WHEREFORE, Hancock respectfully requests that the Court enter judgment as follows:

A.    Damages in the form of unpaid minimum wages under the FLSA;

B.    Awarding liquidated damages in an amount equal to the amount of unpaid wages found due pursuant to the FLSA;

C.    Damages for emotional distress;

D.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

E.    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT VIII

## FLSA
## RETALIATORY DISCHARGE

**HANCOCK, INDIVIDUALLY**

**AGAINST JACKSON, INDIVIDUALLY**

226.     Paragraphs 1 – 130 are incorporated by reference herein.

227.     This Count arises from Jackson's violation of the FLSA in terminating Hancock in retaliation for reporting violations of the FLSA.

228.     Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

229.     Jackson, through her management or agents, violated the FLSA by terminating Hancock's employment in retaliation for her protected activity, to wit, requesting her paystubs, reporting non-payment of earned wages, and requesting payment of her earned compensation.

230.     Jackson possessed and exercised the following authority as it relates to Defendants:

a.     The power to hire and fire employees;

b.     Supervisory authority over employees, including control over their work schedules and conditions of employment;

c.     Determining employees' methods and rates of pay; and

d.     Maintenance of employees' records.

231.     Hancock reported to Defendants, including to Jackson personally, that she was not being paid all her wages due pursuant to the FLSA.

232.     Hancock's complaint put Jackson on notice that she was engaging in FLSA-protected activity.

233.    Jackson terminated Hancock's employment in retaliation for her protected activity, to wit, requesting her paystubs, reporting

234.    Jackson's actions in terminating Hancock due to her complaints of unpaid wages is a violation of the FLSA.

235.    Jackson possesses and exercises the following authority as it relates to the Defendants:

 a.    The power to hire and fire employees;

 b.    Supervisory authority over employees, including control over their work schedules and conditions of employment;

 c.    Determining employees' methods and rates of pay; and

 d.    Maintenance of employees' records.

236.    Jackson was Plaintiff's employer, and Plaintiff was Defendants' employee, within the meaning of the FLSA, 29 U.S.C. § 203(d), (e).

237.    Defendants' actions in terminating Plaintiff due to her complaints of unpaid wages is a violation of the FLSA.

238.    As a result of Jackson's conduct, Hancock has sustained damages in the form of lost wages, lost employment opportunities, and emotional distress.

## PRAYER FOR RELIEF AS TO COUNT VIII

WHEREFORE, Hancock respectfully requests that the Court enter judgment as follows:

 A.    Damages in the form of unpaid minimum wages under the FLSA;

 B.    Awarding liquidated damages in an amount equal to the amount of unpaid wages found due pursuant to the FLSA;

 C.    Damages for emotional distress;

 D.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

E.     Ordering such other and further relief as the Court deems appropriate and just.

## COUNT IX

### IMWL
### FAILURE TO PAY MINIMUM WAGE
### CLASS ACTION

### AGAINST KILWINS-CHICAGO

239.     Paragraphs 1 – 130 are incorporated by reference herein.

240.     This Count arises from Kilwins-Chicago's violation of IMWL, 820 ILCS 105/1 *et seq.* for their failure to compensate Hancock and the Plaintiff Class at least the applicable state minimum wage for each hour for which they were employed.

241.     The IMWL requires an employer to pay all non-exempt employees the minimum wage. 820 ILCS 105/4(a).

242.     For the time periods outlined herein, Kilwins-Chicago violated the IMWL by paying Hancock and the Plaintiff Class less than the mandated minimum wage of $10.00 per hour.

243.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

244.     Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's failure to properly pay the legal minimum wage for all hours worked.

245.     Specifically, Hancock and the Plaintiff Class are similarly situated individuals in that Defendants:

> a.   Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were

not totally relieved of duties, whenever they worked six consecutive hours during a shift;

b.  Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

c.  Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

246.    These non-payments and/or pay deductions resulted in Hancock and the Plaintiff Class working unpaid hours each week.

247.    The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

248.    Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

249.    The Plaintiff Class members who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

250.    Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

251.    Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

252.    If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

253.    As a direct result of Kilwins-Chicago's violation of the IMWL, Hancock and the Plaintiff Class suffered the loss of compensation in the form of earning less than the minimum wage.

## PRAYER FOR RELIEF AS TO COUNT IX

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.    Appointing Hancock as Class Representatives and their Counsel as Class Counsel;

C.    Statutory damages for minimum wage violations pursuant to the 2% interest penalties for IMWL violations that occurred prior to January 1, 2020, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

D.    Statutory damages for minimum wage violations pursuant to the 5% interest penalties for IMWL violations that occurred on or after January 1, 2020 and treble damages (820 Ill. Comp. Stat. 105/12(a));

E.    Entering an injunction precluding Defendant from violating the IMWL;

F.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

G.    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT X

## IMWL
## UNPAID OVERTIME
## CLASS ACTION

## AGAINST KILWINS-CHICAGO

254.    Paragraphs 1 – 130 are incorporated by reference herein.

255.    This Count arises from Kilwins-Chicago's violation of IMWL, 820 ILCS 105/1 *et seq.* for their failure to compensate Hancock and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

256.    The IMWL requires an employer to pay its covered, non-exempt employees one and one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. 820 ILCS 105/3(c), (d).

257.     For the periods outlined herein, Kilwins-Chicago violated the IMWL by failing to pay Hancock and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

258.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

259.     Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's failure to properly pay the legal minimum wage for all hours worked.

260.     Specifically, Hancock and the Plaintiff Class are similarly situated individuals in that Defendants:

    a.  Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, whenever they worked six consecutive hours during a shift;

    b.  Failed to pay Hancock and the Plaintiff Class for mandatory break periods, for which they received no pay (i.e. were ordered to clock out) but for which they were not totally relieved of duties, for meal break periods; and

    c.  Deducted an hour of worktime each time Hancock and the Plaintiff Class were "caught" using their cell phones at work.

261.     These non-payments and/or pay deductions resulted in Hancock and the Plaintiff Class receiving less than time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

262.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

263. Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

264. The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

265. Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

266. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

267. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

268. As a result of the failure to pay overtime at a rate of one and a half times the regular rate, Hancock and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

**PRAYER FOR RELIEF AS TO COUNT X**

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.      Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.      Appointing Hancock as Class Representatives and their Counsel as Class Counsel;

C.      Statutory damages for overtime wage violations pursuant to the 2% interest penalties for IMWL violations that occurred prior to January 1, 2020, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

D.  Statutory damages for overtime wage violations pursuant to the 5% interest penalties for IMWL violations that occurred on or after January 1, 2020 and treble damages (820 Ill. Comp. Stat. 105/12(a));

E.  Entering an injunction precluding Defendant from violating the IMWL;

F.  Awarding reasonable attorneys' fees and costs incurred in filing this action; and

G.  Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XI

### IMWL
### RETALIATORY DISCHARGE
### HANCOCK, INDIVIDUALLY

### AGAINST KILWINS-CHICAGO

269.  Paragraphs 1 – 130 are incorporated by reference herein.

270.  This Count arises from Kilwins-Chicago's violation of IMWL, 820 ILCS 105/1 *et seq.* for their retaliatory discharge of Hancock.

271.  It is a violation of the IMWL for any employer or his agent, or the officer or agent of any private employer, to discharge or in any other manner discriminate against any employee because that employee has caused to be instituted or is about to cause to be instituted any proceeding under or related to the Act. 820 ILCS 105/11.

272.  Hancock engaged in protected activity under the Act by opposing and/or reporting the non-payment of wages and complaining about unpaid wages.

273.  Kilwins-Chicago, by their management or agents, retaliated against Hancock for complaining about her unpaid wages by failing to schedule her shifts, threatening to call the police on her for requesting wages and information, and ultimately terminating her from her position.

274.  Kilwins-Chicago's termination of Hancock violated the IMWL.

275.  Kilwins-Chicago's violation of the IMWL was willful.

276.     As a direct result of Kilwins-Chicago's violation of the IMWL, Hancock suffered damages in the form of lost wages and employment opportunities.

## PRAYER FOR RELIEF AS TO COUNT XI

WHEREFORE, Hancock respectfully requests that the Court enter judgment as follows:

A.     Damages in the amount of front pay and back pay;

B.     Hancock's reasonable attorneys' fees;

C.     Damages for emotional distress;

D.     The costs of this action; and

**E.**     Such other relief that this Court deems appropriate and just.

## COUNT XII

## IWPCA
## TIP THEFT
## CLASS ACTION

## AGAINST KILWINS-CHICAGO

277.     Paragraphs 1 – 130 are incorporated by reference herein.

278.     This Count arises from Kilwins-Chicago's violation of the IWPCA for unlawful tip theft.

279.     The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 Ill. Comp. Sta. 115/2.

280.     Kilwins-Chicago forced Hancock and the Plaintiff Class to forfeit all tips earned, which Kilwins-Chicago then retained.

281.     Pursuant to the IWPCA, "(a) Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee

more than 13 days after the end of the pay period in which such gratuities were earned constitutes a violation of this Act." 820 ILCS 115/4.1.

282.     Kilwins-Chicago's policy requiring that Hancock and the Plaintiff Class forfeit all earned tips and Defendants' enforcing the policy by taking the tips is a violation of the IWPCA.

283.     Kilwins-Chicago's tip theft violates the IWPCA.

284.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) as the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory ten (10) year period preceding the filing of this Complaint. 735 ILCS 5/13-206.

285.     Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's tip theft.

286.     The Plaintiff Class members who are still employed by Kilwins-Chicago may be reluctant to raise individual claims for fear of retaliation.

287.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

288.     Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

289.     The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

290.     Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

291.     Plaintiff's Counsel is competent and experienced in litigating large wage and hour class and collective actions.

292.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Plaintiff Class, to the Court, and Kilwins-Chicago. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

293.     As a result of this unlawful tip theft, Hancock and the Plaintiff Class suffered damages in the form of lost wages.

## PRAYER FOR RELIEF AS TO COUNT XII

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.     Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.     Appointing Hancock as Class Representatives and their Counsel as Class Counsel;

C.     The amount of Plaintiffs' earned and unpaid wages, to wit, unpaid tips, in accordance with the IWPCA;

D.     Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

E.     Awarding reasonable attorneys' fees and costs incurred in filing this action; and

F.     Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XIII

## IWPCA
## TIP THEFT
## CLASS ACTION

## AGAINST JACKSON, INDIVIDUALLY

294. Paragraphs 1 – 130 are incorporated by reference herein.

295. This Count arises from Jackson's violation of the IWPCA for unlawful tip theft.

296. The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 Ill. Comp. Sta. 115/2.

297. Pursuant to the IWPCA, "(a) Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the end of the pay period in which such gratuities were earned constitutes a violation of this Act." 820 ILCS 115/4.1.

298. Jackson forced Hancock and the Plaintiff Class to forfeit all tips earned, which Kilwins-Chicago then retained.

299. Jackson's policy requiring that Plaintiffs forfeit all earned tips and Defendants enforcing the policy by taking the tips is a violation of the IWPCA.

300. Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 Ill. Comp. Sta. 115/13.

301. Jackson knew Hancock and the Plaintiff Class earned tips and were owed tips, and willfully confiscated them rather than pay them.

302. This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) as the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Kilwins-Chicago has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory ten (10) year period preceding the filing of this Complaint. 735 ILCS 5/13-206.

303. Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's tip theft.

304.     The Plaintiff Class members who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

305.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

306.     Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

307.     The Plaintiff Class members who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

308.     Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

309.     Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

310.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

311.     As a result of this unlawful tip theft, Hancock and the Plaintiff Class suffered damages in the form of lost wages.

**PRAYER FOR RELIEF AS TO COUNT XIII**

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.     Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.      Appointing Hancock as Class Representatives and their Counsel as Class Counsel;

C.      The amount of Plaintiffs' earned and unpaid wages, to wit, unpaid tips, in accordance with the IWPCA;

D.      Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

E.      Awarding reasonable attorneys' fees and costs incurred in filing this action; and

F.      Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XIV

### IWPCA
### IMPROPER PAY DEDUCTIONS
### CLASS ACTION

### AGAINST KILWINS-CHICAGO

312.    Paragraphs 1 – 130 are incorporated by reference herein.

313.    This Count arises from Kilwins-Chicago's violation of the IWPCA for unlawful deductions.

314.    The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 Ill. Comp. Sta. 115/2.

315.    Kilwins-Chicago implemented and enforced a policy of deducting an hour of time for all employees using a cell phone while on duty.

316.    Kilwins-Chicago also implemented and enforced a policy and practice of deducting one hour of meal break time where no meal break was actually provided and where Hancock and the Plaintiff Class were not completely relieved of their duties during the time deducted.

317.    The policies and practices resulted in deductions being made to Hancock's and the Plaintiff Class's pay for time worked, resulted in unpaid wages.

318.    This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) as the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is

impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory ten (10) year period preceding the filing of this Complaint. 735 ILCS 5/13-206.

319.     Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's policy of mandatory pay deductions.

320.     The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

321.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

322.     Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

323.     The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

324.     Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

325.     Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

326.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

327. As a result of Kilwins-Chicago's actions, Hancock and the Plaintiff Class suffered damages in the form of unpaid wages.

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B. Appointing Hancock as Class Representatives and their Counsel as Class Counsel;

C. The amount of Plaintiffs' earned and unpaid wages, to wit, unpaid tips, in accordance with the IWPCA;

D. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

E. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

F. Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XV

**IWPCA**
**RETALIATORY DISCHARGE**
**HANCOCK, INDIVIDUALLY**

**AGAINST KILWINS-CHICAGO**

328. Paragraphs 1 – 130 are incorporated by reference herein.

329. This Count arises from Kilwins-Chicago's violation of the IWPCA, for Kilwins-Chicago's retaliatory discharge of Hancock.

330. The IWPCA expressly prohibits retaliation against employees who complain about unpaid wages, setting forth, in relevant part:

(c) Any employer, or any agent of an employer, who discharges or in any other manner discriminates against any employee because that employee has made a complaint to his employer, to the Director of Labor or his authorized representative, in a public hearing, or to a community organization that he or she has not been paid in accordance with the provisions of this Act, or because that employee has caused

48

to be instituted any proceeding under or related to this Act, or because that employee has testified or is about to testify in an investigation or proceeding under this Act, is guilty, upon conviction, of a Class C misdemeanor. An employee who has been unlawfully retaliated against shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, all legal and equitable relief as may be appropriate. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

820 ILCS 115/14.

331. Hancock engaged in protected activity under the IWPCA by opposing violations of the IWPCA and reporting those violations to Kilwins-Chicago, as described herein.

332. Indeed, Hancock complained that she was not being paid for all hours worked.

333. Kilwins-Chicago retaliated against Hancock by threatening to call the police, failing to schedule her for additional shifts, and ultimately terminating her employment.

334. As a direct result of Kilwins-Chicago's violation of the IWPCA, Hancock has sustained damages in the form of lost wages, lost employment opportunities, and emotional distress.

## PRAYER FOR RELIEF AS TO COUNT XV

WHEREFORE, Hancock respectfully requests that the Court enter judgment as follows:

A. The amount of Hancock's earned and unpaid wages, in accordance with the IWPCA;

B. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

C. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

D. Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XVI

## CMWO
## FAILURE TO PAY MINIMUM WAGE
## CLASS ACTION

## AGAINST KILWINS-CHICAGO

335.    Paragraphs 1 – 130 are incorporated by reference herein.

336.    This Count arises from Kilwins-Chicago's violation of the CMWO, for Kilwins-Chicago's failure to pay Plaintiffs the legal minimum wage for all hours worked.

337.    The CMWO requires employers to pay their employees at least the state minimum wage for all hours worked, in the same manner as required under IMWL, Chicago, Ill. Municipal code, § 1-24-040.229.

338.    Kilwins-Chicago violated the CMWO by failing to pay the Plaintiffs at least the Chicago minimum wage.

339.    Kilwins-Chicago's violation of the CMWO was willful.

340.    The policies and practices resulted in deductions being made to Plaintiffs' pay for time worked, resulting in unpaid wages.

341.    This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) as the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

342.    Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's policy of failing to pay the minimum wage for all hours worked.

343.    The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

344.    The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

345.     Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

346.     The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

347.     Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

348.     Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

349.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

350.     As a direct result of Kilwins-Chicago's violation of the CMWO, Hancock and the Plaintiff Class suffered the loss of compensation in the form of earning less than the minimum wage.

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.     Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.     Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

C.     Damages in the form of unpaid minimum wages pursuant to the Chicago Ordinance;

D.     Statutory treble damages for unpaid minimum wage violations, pursuant to the Chicago Ordinance, Ill. Municipal Code, § 1-24-110;

E.   Awarding reasonable attorneys' fees and costs incurred in filing this action; and

F.   Ordering such other and further relief as the Court deems appropriate and just.

## COUNT XVII

### CMWO
### UNPAID OVERTIME
### CLASS ACTION

### AGAINST KILWINS-CHICAGO

351.   Paragraphs 1 – 130 are incorporated by reference herein.

352.   This Count arises from Kilwins-Chicago's violation of the CMWO, for Kilwins-Chicago's failure to pay Plaintiffs at the overtime rate for all hours worked in excess of 40 per workweek.

353.   The Chicago Ordinance requires employers to pay their covered, non-exempt employees one-and-one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek in the same manner as required under the IMWL. Chicago, Ill. Municipal Code, § 1-24-040; 820 Ill. Comp. Stat. 105/3(c), (d).

354.   Kilwins-Chicago, by their management or agents, violated the CMWO by failing to pay the Hancock and the Plaintiff Class at a rate of one and half times the regular rate for all hours in excess of 40 in a workweek.

355.   Kilwins-Chicago's violation of the CMWO was willful.

356.   This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) as the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Hancock and the Plaintiff Class believe Defendants have employed in excess of fifty (50) persons who have been subject to Kilwins-Chicago's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

357. Hancock and the Plaintiff Class have been equally affected by Kilwins-Chicago's policy of failing to pay the time-and-one-half their regular hourly rates for all hours worked over forty (40) in a workweek.

358. The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

359. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

360. Hancock, the Plaintiff Class, and Kilwins-Chicago have a commonality of interest in the subject matter and remedy sought.

361. The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

362. Hancock is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

363. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

364. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

365. As a result of Kilwins-Chicago's violation of the CMWO, Hancock and the Plaintiff Class have sustained damages in the form of unpaid overtime wages.

WHEREFORE, Hancock, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.    Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

C.    Damages in the form of unpaid minimum wages and overtime pay pursuant to the Chicago Ordinance;

D.    Statutory treble damages for unpaid minimum wage and overtime pay violations, pursuant to the Chicago Ordinance, Ill. Municipal Code, § 1-24-110;

E.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

**F.**    Ordering such other and further relief as the Court deems appropriate and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims.

Respectfully submitted,

s/ *Max P. Barack*
One of Plaintiffs' Attorneys

The Garfinkel Group, LLC
6252 N. Lincoln Avenue, Suite 200
Chicago, IL. 60659
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Haskell Garfinkel (IARDC No. 6274971)
haskell@garfinkelgroup.com
Matthew Fletcher (IARDC No. 6305931)
matthew@garfinkelgroup.com
Andrew Fullett (IARDC No. 6328490)
andrew@garfinkelgroup.com